## MICHAEL J. BRENNAN *vs.* LEVI CARPENTER.

Where an injury is the effect of negligence, though the force be immediate or direct, the plaintiff may maintain his action of trespass on the case or trespass, at his option.

But where the injury is the effect of force direct and intentional, the action must be trespass and not case.

THIS was an action of trespass on the case for an injury to the plaintiff's horse and chaise hitched in a public street, caused by the defendant negligently driving his team against them. The jury returned a verdict for the plaintiff, and

HAYES for the defendant, moved that the verdict be set aside, and a new trial granted, because the Court neglected and refused to charge the jury, that if they found the injury to the plaintiff's horse and chaise, as complained of in the plaintiff's declaration, was the immediate effect of an act of force done by the defendant, he was not liable in an action of trespass in the case; and the jury should bring in a verdict of not guilty.

And in support of this motion, he cited, (5 Term R. 648. 1 Espinass R. 56. 3 East R. 286. 2 Campbell R. 464. 1 Campbell R. 497. 2 Burrow R. 1113. 1 Strange R. 634. 7 Taunton R. 698. 3 Burrows R. 1556. 2 Lord Raymond R. 1402. 8 Modern R. 272. Fortesque 212. 1 Lord Raymond R. 187. 2 Wilson R. 313. 2 Term R. 225. 3 Connecticut R. 64. 6 Seargent & Rawle R. 343. 19 Johns. R. 381. 18 Johns. R. 257. 11 Mass, R. 57. 1 Coxe R. 339. 2 Henry Blackstone R. 892. 8 Stephens' Commentaries 461.)

W. KNOWLES for the plaintiff contended, that this form of action was right upon the evidence in the case, the defendant's act not being wilful ; and he cited, (1 Saunders on Pleading 335. 8 Term R. 188. 10 Ringham R. 50. 5 Rosanquet and Pullen R. 117. 3 Barnwell and Creswell R. 316. 2 Chitty 304. 14 Johns. R. 432. 11 Mass. R. 137.)

The opinion of the Court was delivered by

HAILE, J. Upon a full and careful examination of the authorities, which are very conflicting, the Court deduce the following plain, practical rules, which may serve as a guide in future practice in relation to injuries similar to those complained of, and for which redress was sought by the plaintiff in this suit.

1st. Where the injury complained of is the effect of negligence, though the force be immediate or direct, the plaintiff may maintain his action of trespass on the case, or trespass at his option.

2d. But where the injury is the effect of force direct and intentional, the action must be trespass, and not case. These practical rules of law, we think we are fully sustained by the weight of authority, by reason and common sense. And if they are strictly observed and practically carried out, they will do substantial justice to parties, without involving them in that doubt, perplexity, uncertainty and technical absurdity into which some of the adjudged cases might seem to lead them.

The verdict in this case establishes the fact, that the defendant did not use reasonable and proper care, and that the injury to the plaintiff's horse and chaise was the effect of the defendant's negligence. This was the issue

tried by the jury under the charge of the Court ; and the evidence in the case rebuts every presumption, that the injury by the defendant was intentional. We find, therefore, no error in the charge of the Court upon the law.

The defendant's motion for a new trial is therefore over ruled—no costs to be taxed on this motion.

Motion denied.